Nash, C. J.
 

 The defendant is not liable to pay the demand upon which he is sued. ITe was the maker of a promissory, in which the plaintiffs were the payees; they endorsed it over, and being sued by the endorsee, the amount now claimed by them as costs was expended in defending that suit. By their endorsement the plaintiffs become the sureties of the maker, and as such, were at liberty to consult their own safety, by paying up the note, when it came to maturity, without waiting for a suit, for it was not necessary for them to stand a suit, in order to charge the principal. Sedgwick on Damages, 326,
 
 Craig
 
 v. Craig, 5th Raw. 191, and
 
 Wynne
 
 v. Brook, do. 106. In
 
 Dawson
 
 v. Morgan, 9th Bar. and Cre. 618, it is decided, that the endorser of a
 
 regular
 
 bill of exchange, who has been sued by the endorsee, is not entitled to recover from the acceptor, the costs incurred in such suit; the Court say, upon the ground, that there is no privity between them. Bailey, Justice, in reply to Mr. Patterson, who had referred to the case of
 
 Smith
 
 v. Dudley, 4 Term, 691, and to
 
 Jones
 
 v.
 
 Brooks,
 
 4 Taun. 464, said, there “ the bill was. accepted for the accommodation of the drawer. There was a bargain between the parties, that the drawer of the bill should indemnify the acceptor. No case goes the length of saying that every person, who is sued upon a bill, is entitled to recover against the acceptor the costs of the suit.” And Lord TehtekdeN,
 
 *132
 
 'Chief Justice, in delivering liis opinion, says,
 
 “
 
 What privity is there between the endorser and the acceptor ? What obligation is there on the acceptor, except that raised by the custom 'of merchants ? That custom does not give a right to the endorser to recover the re-exchange,
 
 much less costs incurred by him in an action on the bill.”
 
 To tho same point see
 
 King
 
 v.
 
 Phillips,
 
 Peters C. C. 350; and in
 
 Simpson
 
 v. Griffin, 9th John’s. R, 131, it is decided that the mere fact of the maker’s drawing the note, does not imply a promise to save the payee harmless from all costs and charges, that he, as an endorser, has incurred. In order in any such case to subject the maker, there must bo a contract for an indemnity, on the making of tho note or endorsement of the bill.
 
 Mott
 
 v.
 
 Hicks,
 
 Cowen 518. But the principle of express indemnity does not apply between the accommodation exceptor of a bill and tho drawer, and tho accommodation endorser of a promisory note, as it does to tho surety of an ordinary note; Sed’k. 325, and cases cited. In
 
 Short
 
 v.
 
 Kalloway,
 
 11th Ad. and Ellis 28, Lord DeNMAN says, “ no person has a right to inflame 1ns own account against another, by incurring additional expense, in the unrighteous resistance to an action which he cannot defend.” This is not an accommodation note. The judgment below is reversed, and judgment on the case agreed, for the defendant.
 

 Pee Cüeiam. ■ ' Judgment reversed.